IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RYAN URBIN,

    Petitioner,

vs.                                      Case No. 4:13cv52-RH/CAS

MICHAEL D. CREWS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER PETITION

Petitioner Ryan Urbin, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner is currently incarcerated at the Okeechobee Correctional Institution in Okeechobee, Florida, which is located in the Southern District of Florida.  Doc. 1; *see* 28 U.S.C. § 89(c).  Petitioner challenges the loss of gain time as a result of a disciplinary proceeding that took place while he was incarcerated at the Sumter Correctional Institution, which is located in the Middle District of Florida.  Doc. 1, Ex. A; *see* 28 U.S.C. § 89(b).  Petitioner is in state prison pursuant to a state court judgment from the Fourth Judicial Circuit, Duval County,

Florida, which is also in the Middle District of Florida.  Doc. 1 at 1; *see* 28 U.S.C. § 89(b).

To the extent that this is a § 2241 petition, the ultimate decision regarding its merits cannot be made by this Court, because § 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.  See <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991).  *See also, e.g.*, <u>Medberry v. Crosby</u>, 351 F.3d 1049 (11th Cir. 2003) (explaining that "there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)" and § 2254 requirements apply to § 2241 petition brought by state prisoner, in custody pursuant to judgment of state court, challenging loss of gain time following prison disciplinary proceeding); <u>Smith v. Sec'y, Fla. Dep't of Corr.</u>, 432 F. App'x 843 (11th Cir. 2011) (involving § 2241 petition challenging disciplinary reports that resulted in loss of gain time, citing <u>Medberry</u>, and noting petitioner is in custody pursuant to state court judgment and "[t]herefore, Smith's § 2241 petition was subject to § 2254").  In this case, the district of incarceration is the Southern District of Florida.

To the extent that this is in fact a § 2254 petition, because Petitioner is not incarcerated in this district and does not challenge the judgment of a state court located in this district, jurisdiction is not appropriate here.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated).  Jurisdiction is appropriate in either the United States District Court for the Middle District of Florida, where the prison disciplinary proceeding took place, or the United States District Court for the Southern District of

Florida, where Petitioner is currently incarcerated.  *See id.*  Because the district in which the prison disciplinary proceeding took place appears the most convenient, it is therefore respectfully **RECOMMENDED** that the case file be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**IN CHAMBERS** at Tallahassee, Florida, on February 25, 2013.


S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**